DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

THOMAS A. COLTHURST (CABN 99493)
DANIEL PASTOR (CABN 297948)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6778
    FAX: (415) 436-7234
    daniel.pastor@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUVENCIO GAMEZ CID, <br> a/k/a Alex Jose Torres Carrero, <br><br> Defendant. | NO. 20-MJ-71641 MAG <br><br> **UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION MOTION** <br><br> Date: November 23, 2020 <br> Judge: Hon. Jacqueline Scott Corley <br> Time: 10:30 A.M. |

    The Defendant is the leader of a Bay Area drug trafficking organization and a Mexican citizen. When agents arrested him on November 17, 2020, they seized approximately 6 pounds of methamphetamine from his residence, and a pistol (reported stolen in 2015) and ammunition, which were found in close proximity to the methamphetamine. Agents also found six cellular phones belonging to Defendant.

    Court-authorized wiretaps in this case show that in June 2020, Defendant sent a co-conspirator to Southern California to pick up approximately 25 pounds of methamphetamine. Dkt. 1 ¶¶ 24-39. The California Highway Patrol seized the methamphetamine during a traffic stop as Defendant's co-conspirator was transporting it back to Northern California. *Id.* The government submits that Defendant

1

should be detained as a risk of flight and a continuing danger to the community.  The preponderance of the evidence shows a risk of flight where, among other factors, the weight of the evidence alerts the defendant to the reasonable possibility of conviction.  *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).  Here, the wiretap evidence against Defendant, the quantity of drugs in his possession at the time of arrest, his history of using fake identities and illegal re-entries into the country, and the mandatory ten-year sentence he faces if convicted, make him a serious risk of flight. His full-time drug trafficking and possession of a firearm in support thereof show that he is a danger to the community.

**I.      Applicable Legal Standard**

Pursuant to the Bail Reform Act, codified at 18 U.S.C. § 3142, if the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1).  In making such a determination, the Court shall take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or, local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  The government bears the burden of demonstrating by a preponderance of the evidence that no set of release conditions will mitigate the risk of non-appearance. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  "The facts that the Court uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the

2

community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). The rules concerning admissibility of evidence in criminal trials do not apply to a detention hearing. 18 U.S.C. § 3142(f)(2)(B).

## II. Defendant Is A Serious Flight Risk and a Continuing Danger to the Community.

### A. Defendant Has Continued to Operate Under Assumed Identities Despite His Prior Federal Conviction for Identity Fraud in 2010.

Defendant has prior federal convictions for Possession of an Identity Document with Intent to Defraud the United States (2010) and Illegal Reentry of a Deported Alien (2016). He has a state conviction for Possession of a Controlled Substance for Sale in San Mateo County (2008).

#### 1. History of identity fraud and illegal entry

On or about May 28, 2004, Defendant applied for a U.S. passport at the Redwood City Post Office. He presented a birth certificate purportedly issued in Puerto Rico and a California Driver's License, in the name of "Alex Jose Torres Carrero." Authorities suspected fraud and did not issue him a U.S. Passport.

In April 2007, Defendant was pulled over by police for traffic violations and found to be driving with a license that had been suspended following a DUI conviction in October 2006. Deputies searched Defendant's vehicle and found with 39.5 grams of methamphetamine. Defendant's license was also determined to be fraudulent. He was sentenced to six months in jail and three years' probation.

In March 2009, Defendant was interviewed by the U.S. State Department Diplomatic Security Service and admitted he was born in Mexico and gave his name as "Juvencio Gamez Cid." Defendant was convicted in federal court of possession of an identification document with intent to defraud the United States in February 2010 and received a sentence of two years' probation. Defendant was deported to Mexico on March 11, 2010.

On March 22, 2010, Defendant was stopped at the San Ysidro Port of entry and charged with entry by fraud and misuse of visas, permits, and other documents. In January 2012, this Court issued an arrest warrant for the Defendant after a DMV representative confirmed that the Defendant applied in person for a California identification card in Redwood City. Defendant did not have permission to reenter the United States. Defendant's federal probation was revoked, and he was sentenced to three

1  months' imprisonment. *See* Case No. 4:09-cr-00485-JSW, Dkt. 46.

2  On January 28, 2016, a federal grand jury indicted Defendant for Illegal Reentry Following Deportation. Defendant pled guilty in March 2016 and was sentenced to two months imprisonment and three years of supervised release. He was removed from the U.S. in May 2016. At some point thereafter, Defendant illegally reentered the United States and resumed illegal narcotics trafficking.

**2. Use of fake identities during the period relating to the charged offenses**

Despite his prior federal conviction for using fraudulent identity documents, Defendant has continued to operate under fake names. Defendant was found with a California identity card and a California Driver's License in the name of Emilio Jose Colon Martinez when he was arrested on November 17, 2020.  Use and possession of fraudulent identity documents and unlawful entry into the United States support detention based on risk of flight. *United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015).

Department of Motor Vehicles Image - CAL-PHOTO

**CALIFORNIA DEPARTMENT OF MOTOR VEHICLES**
**IMAGE RECORD FOR:**
**COLON MARTINEZ EMILIO JOSE**

Y4887566   EXPIRES: 04/18/2021   CLASS: F   SEX: M
HAIR: BLK   EYES: BRN   HEIGHT: 505   WEIGHT: 180
DATE OF BIRTH: 04/18/1979
ADDRESS: 6437 THOMAS AVE, NEWARK, CA 94560

PHOTO DATE: 04/30/2018   PHOTO OFFICE: 534   APPLICATION DATE: 04/30/2018   APPLICATION OFFICE: 534
ISSUE DATE: N/A   ISSUE OFFICE: N/A   RESTRICTIONS:
PHOTO SEQ #: 6653   ENDORSEMENTS:




SIGNATURE: EMILIO COLON
FINGERPRINT:

\\
\\

4

**B. Defendant lacks legitimate employment tying him to the community and is a full-time drug dealer posing a continuing danger to the community**

The DEA monitored communications over multiple phones used by Defendant during periods in June, September, and October 2020. Wiretap interceptions and location data from Defendant's phone provide no indication that Defendant has legal employment.  Defendant is a full-time drug dealer. During the search of his home, agents found and seized approximately 6 pounds of methamphetamine and a firearm and ammunition (shown below), where were found in close proximity to the drugs.



Defendant is a danger to the community by virtue of how he makes his living.  As one court has explained, the risk of continued drug trafficking, in particular, is a danger to the community:

> In its report accompanying the Comprehensive Crime Control Act of 1984, . . . the Senate Committee on the Judiciary explained at length the concept of pretrial detention as provided under § 3142(e). The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community "refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *Id*. at 3195. The Committee also emphasized that "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" (Footnote omitted.) *Id*. at 3196. *See also United States v. Strong*, 775 F.2d 504,

506-07 (3d Cir. 1985) (Congress equated drug trafficking with danger to community).

*United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989); *see also United States v. Torres*, 2009 WL 2160581 (N.D. Cal. 2009) (unpublished) ("In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm.") (citing *United States v. Reynolds*, 956 F.3d 192, 192-93 (9th Cir. 1992)).

### III.  Conclusion

The government respectfully requests that the Court detain the defendant as a serious risk of flight and a continuing danger to the community.

DATED: November 23, 2020                                  Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 /s/ *Daniel Pastor*
THOMAS A. COLTHURST
DANIEL PASTOR
Assistant United States Attorneys